UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BHUPENDRA SHAH, A70-648-916,

                      Petitioner,

    v.

ERIC HOLDER et al.,

                      Respondents.

**DECISION AND ORDER**
10-CV-782A

---

I.    **INTRODUCTION**

Pending before the Court are two filings by petitioner Bhupendra Shah challenging different aspects of his current detention at the Buffalo Federal Detention Facility in Batavia, New York. First, petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Second, petitioner has filed a motion for a stay of his physical removal from the United States pending the outcome of his Section 2241 petition. Petitioner seeks habeas corpus relief on the grounds that his immigration arrest occurred on the basis of race and without reasonable suspicion, in violation of the Fourth and Fourteenth Amendments. Petitioner asserts further that coercive questioning by immigration agents occurred after he requested counsel, in violation of the Sixth Amendment. Respondents oppose the granting of habeas relief on the grounds that petitioner's arrest was proper and, more importantly, that his arguments go to the substance

of his underlying removal proceedings, meaning that this Court lacks jurisdiction to consider them.

The Court has deemed the pending petition and motion submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court denies the petition and the motion.

II. BACKGROUND

This case concerns petitioner's attempt to challenge his current immigration detention as a product of an unconstitutional immigration arrest. Petitioner is a native and citizen of India who entered the United States at or near New York City on or about April 11, 1992. Petitioner entered the United States on a B-2 visitor visa. That visa expired October 9, 1992. When petitioner did not depart by that time, respondents (or their predecessors) commenced removal proceedings. Petitioner never appeared for any of those proceedings. On August 15, 1994, an immigration judge ordered petitioner removed from the United States through an *in absentia* order of removal that petitioner never appealed. On February 6, 1995, respondents placed petitioner in fugitive status. Over the next 15 years, petitioner's whereabouts remained unknown.

A routine background check at a train station led respondents to petitioner and set in motion the events leading to this case. On June 29, 2010, petitioner passed through the Adirondack Trailways Bus Station located in Watertown, New York. An immigration agent assigned to routine transportation checks at that

station found that petitioner's name turned up positive for outstanding immigration orders or warrants—specifically, for the order of removal issued in 1994 and the fugitive status filed in 1995. Respondents apprehended petitioner at the train station on June 29, 2010 and placed him in immigration custody. Petitioner has remained in continuous immigration custody since then. During that time, respondents have initiated the process of obtaining a travel document from the Consulate of India that would permit final removal of petitioner from the United States. The process of obtaining a travel document included an interview of petitioner on August 24, 2010, by a representative of the Consulate of India at the Consulate's offices in New York City. On September 30, 2010, respondents informed petitioner that they intended to continue his detention on the grounds that his failure to appear at his original removal proceedings made him a flight risk. On November 3, 2010, the Bureau of Immigration Appeals ("BIA") upheld an immigration judge's denial of petitioner's motion to reopen his case. The BIA agreed with the immigration judge that petitioner had received adequate notice of his initial removal proceedings. As of now, respondents are waiting for an indication from the Consulate of India that either it has made a final decision on the application for a travel document or that it needs more information.

Meanwhile, petitioner challenges his detention as improper in light of multiple constitutional violations associated with his arrest. Petitioner states early in his petition that he "seeks corrective action only with respect to Petitioner's

custody status and is not challenging the Order of Deportation." (Dkt. No. 1 ¶ 5.) The "Issues Presented" section on the next two pages of the petition make plain, however, that he is raising constitutional arguments about his underlying arrest. In support of habeas relief, petitioner asserts first that respondents violated his Fourth and Fourteenth Amendment rights by singling him out because of his race and by approaching him without any reasonable suspicion of illegal entry. Petitioner reasons that he must have been singled out for his race because he did not observe respondents approach any other passengers to ask them for identification. Second, petitioner asserts that respondents violated his Sixth Amendment rights by questioning him after he requested counsel and by transporting him to New York City for an interview with the Consulate of India without informing his attorney. In the motion accompanying his petition, petitioner also seeks a stay of any final removal pending the outcome of his petition.

Respondents urge the Court to deny petitioner's petition for two reasons. First, respondents assert that the petition is a back-door, collateral attack on his order of removal because it contends that petitioner's immigration arrest never should have happened. Since the petition indirectly challenges petitioner's order of removal on substance, respondents conclude, this Court lacks jurisdiction to consider it. Second, respondents assert that petitioner's immigration arrest was substantively proper because petitioner was not singled out for race or any other

reason. Rather, respondents assert, a routine check of all train passengers happened to flag petitioner because of his order of removal and fugitive status.

## III. DISCUSSION

Upon review of the papers submitted by the parties, the Court's greatest concern relates to its jurisdiction to consider petitioner's arguments for habeas relief. To summarize, petitioner is arguing that his detention and his removal proceedings are improper in their entirety because they are tainted by racial discrimination, arrest without reasonable suspicion, and coerced questioning without respecting the right to counsel. Essentially, then, petitioner is arguing that he would not be facing removal right now but for substantive errors by immigration agents.

This Court, however, does not have jurisdiction to review the substance of petitioner's underlying removal proceedings. "Notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28, or any other habeas corpus provision*, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." 8 U.S.C. § 1252(a)(5) (emphasis added). The jurisdictional limits of Section 1252(a)(5) cover allegations of improper immigration arrests. *See Kapiamba v. Gonzales*, No. 1:07-cv-335, 2009 WL 1406648, at *6 (W.D. Mich. May 19, 2009) (rejecting allegations of wrongful

5

arrest and unlawful seizure for lack of jurisdiction); *Segura v. Gonzales*, No. C07-0312, 2007 WL 2686840, at *2 (W.D. Wash. Sept. 7, 2007) (rejecting for lack of jurisdiction a petitioner's assertions that "the actions of the respondents in arresting, and threatening to deport/remove him in the immediate future . . . are unlawful and in violation of the Immigration and Nationality Act, applicable regulations, and the Constitution") (internal quotation marks omitted). The jurisdictional limits of Section 1252(a)(5) also prohibit consideration of motions to stay removal proceedings. *See Royale v. INS*, No. 10-CV-2105, 2010 WL 2348651, at *1 (E.D.N.Y. June 9, 2010) ("The provisions of § 1252 also strip district courts of jurisdiction to stay an order of deportation or removal.") (citation omitted). Under these circumstances, if petitioner has concerns about the circumstances of his arrest and possible removal then he must take them directly to the Court of Appeals. This Court denies both petitioner's petition and motion for lack of jurisdiction.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's petition (Dkt. No. 1) as well as his motion to stay removal (Dkt. No. 5). The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 31 , 2011